IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LAWRENCE SULLIVAN,<br><br>Defendant. | Crim. No. 25-00048 MWJS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

This criminal case arises from charges of abusive sexual contact and interference with the flight crew aboard a commercial flight from Honolulu to San Diego.  In advance of the trial scheduled for May 11, 2026, Defendant John L. Sullivan moves to dismiss the indictment against him on the grounds that it improperly lays venue in the District of Hawai‘i.  He argues that the indictment only alleges a single venue statute and fails to provide factual allegations sufficient to establish venue under that statute. The government opposes the motion, arguing that the allegations in the indictment support venue under a different venue provision.

The court heard oral argument on the motion at a hearing on February 6, 2026. After carefully considering the briefs and the arguments of counsel, the court DENIES Sullivan's motion to dismiss.

**BACKGROUND**

On the evening of February 7, 2025, Sullivan boarded Alaska Airlines Flight 892

at Daniel K. Inouye International Airport in Honolulu, Hawai'i.[1]  The plane was

scheduled for an overnight flight to San Diego International Airport in California.  Dkt.

No. 1; Dkt. No. 34-4.  At some point well after takeoff, a flight attendant made his way

through the cabin, attending to passengers.  Dkt. No. 34-3; Dkt. No. 39, at PageID.246.

As the flight attendant passed Sullivan's seat, Sullivan allegedly "reached between [the

flight attendant's] legs, grasped his genitals, and pulled up."  Dkt. No. 39, at

PageID.246.  The flight attendant escaped to the galley and the unwanted contact was

reported to the captain, who made the decision to return to Honolulu.  *Id.*

When the aircraft returned to Gate E4 at Daniel K. Inouye International Airport

in the early morning of February 8, it was met by law enforcement officers from the

Hawai'i Department of Law Enforcement.  *Id.*  At least one officer asked Sullivan to exit

the aircraft and escorted him off the plane and into the terminal.  *Id.*; Dkt. No. 40-2.

Sullivan sat at a gate a few gates away from E4 while law enforcement officers

conducted an investigation and took statements from witnesses and flight crew.  *Id.*

After about ninety minutes, an agent from the Federal Bureau of Investigation

---

[1]      For the purposes of this motion, the court assumes the truth of all facts alleged in
the indictment.  *See United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021).  As
context for the parties' arguments, the court also describes additional factual assertions
included in the parties' briefs.  The court does not rely on these additional assertions,
however, and makes no findings regarding their truth.

approached Sullivan and asked if he would be willing to speak with law enforcement about the incident.  Dkt. No. 40-3.  Sullivan responded, "I want to leave, and I don't want to speak to you."  *Id.*  At that point, the interview concluded and Sullivan was escorted out of the terminal by law enforcement.  *Id.*; Dkt. No. 40-2.  Sullivan then flew home to San Diego on a different flight without any further interaction with law enforcement in the District of Hawai'i.  Dkt. No. 40, at PageID.260.

On June 12, 2025, a grand jury in this district returned an indictment against Sullivan based on his alleged conduct aboard Flight 892.  Dkt. No. 1.  The indictment charges Sullivan in two counts.  Count I charges Sullivan with abusive sexual contact in violation of 18 U.S.C. § 2244(a).  It alleges that on or about February 8, 2025, Sullivan "did knowingly have sexual contact" with a "flight attendant on Alaska Airlines, Flight 892" without the flight attendant's permission, that the sexual contact occurred "within the special aircraft jurisdiction of the United States, namely Alaska Airlines, Flight 892, in flight, and within the jurisdiction of the District of Hawai'i," and that this conduct violated 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1).  Dkt. No. 1, at PageID.2.  Count II charges that also on or about February 8, 2025, Sullivan "did unlawfully and knowingly, by assaulting and intimidating flight attendants, interfere with the performance of the duties of the flight attendants and lessen the ability of the flight attendants [to] perform these duties," and attempted to do the same, that the interference occurred "within the special aircraft jurisdiction of the United States,

namely Alaska Airlines, Flight 892, in flight, and within the jurisdiction of the District of Hawai'i," and that this conduct violated 49 U.S.C. § 46504 and 18 U.S.C. § 3238. *Id.* at PageID.2-3. An arrest warrant was issued for Sullivan, Dkt. No. 3, and he was arrested at his residence in Encinitas, California, on July 24, 2025, at which point the indictment was unsealed, Dkt. No. 5.

Sullivan filed his motion to dismiss the indictment for improper venue on December 23, 2025. Dkt. No. 34. The government responded, Dkt. No. 39, and Sullivan replied, Dkt. No. 40. The court heard the arguments of counsel at a hearing on February 6, 2026. Dkt. No. 42. Following the hearing, the government submitted a request for leave to submit supplement briefing, Dkt. Nos. 43, 45, which Sullivan opposed, Dkt. No. 44, and which the court denied, Dkt. No. 46. But the court separately ordered additional briefing on seven discrete points, Dkt. No. 46, and each party submitted supplemental briefs in response, Dkt. Nos. 49, 50.

## DISCUSSION

The Constitution generally requires all criminal trials to take place in the state and district where the crime took place. *United States v. Lozoya*, 982 F.3d 648, 651 (9th Cir. 2021) (en banc). But for crimes committed outside the borders of any state, "the Constitution provides that 'the Trial shall be at such Place or Places as the Congress may be Law have directed.'" *Id.* (quoting U.S. Const. art. III, § 2, cl. 3).

Because a criminal defendant has a constitutional right to be tried in the correct place, *see Ghanem*, 993 F.3d at 1119, an indictment may be dismissed on a pretrial motion to dismiss for improper venue if that motion "can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). In deciding a Rule 12(b) motion, the court is "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017); *see also United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) (noting that "only the indictment may be considered in pretrial motions to dismiss for lack of venue").

With this guidance in mind, the court turns to the merits. Some of Sullivan's arguments for dismissal are common to both counts in the indictment, but most apply only to one count or the other. Accordingly, the arguments for the dismissal of each count are considered in turn.

### A.    Count I (Abusive Sexual Contact)

Sullivan argues that the entire indictment should be dismissed because of its reliance on 18 U.S.C. § 3238, a venue statute that directs where the trial of certain offenses committed outside the United States should take place. It provides in relevant part:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought; but if such offender . . . [is] not so arrested or brought into

5

any district, an indictment or information may be filed in the
district of the last known residence of the offender . . . .

The parties agree that § 3238 applies when the charged offense was "begun or
committed upon the high seas, or elsewhere out of the jurisdiction of any particular
State or district," and that when it applies, § 3238 provides for venue in the district
where the defendant was "arrested," "first brought," or maintains his last known
residence.  Dkt. No. 34, at PageID.215-17; Dkt. No. 39, at PageID.252-53.  And Sullivan
contends that § 3238 does apply here because the charged offenses were "begun or
committed upon the high seas," insofar as they were committed over international
waters while the flight soared above the Pacific Ocean.  Dkt. No. 34.  But he also asserts
that the indictment has not alleged, and the government cannot prove, that he was
arrested in, first brought to, or a last known resident of the District of Hawai'i.
According to Sullivan, that makes venue in this district improper.

But there is an immediate problem with Sullivan's argument as it relates to
Count I.  While Count II of the indictment plainly alleges that the charged conduct of
"Interference with Flight Crew Members and Attendants" was "in violation of . . . Title
18, United States Code, Section 3238," it is undisputed that Count I includes no
allegations about § 3238.  Dkt. No. 1, at PageID.2-3.  Indeed, Count I does not include
any reference to venue provisions at all.

6

Picking up on Count I's silence as to venue, the government sidesteps § 3238 and argues instead that venue is proper under a different statute, 18 U.S.C. § 3237(a), which provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

Sullivan resists the government's effort, contending that only § 3238, and not § 3237, properly applies to Count I.  He contends that "Section 3237 is not the venue statute charged in the indictment," which "alleges only one venue statute, 18 U.S.C. § 3238."  Dkt. No. 34, at PageID.212, 215.  As a result, "Section 3238 (not Section 3237) applies to both counts in the Indictment."  Dkt. No. 40, at PageID.270.

Sullivan is correct that the indictment alleges only one venue statute, § 3238.  But the fact of its inclusion in Count II of the indictment offers no obvious reason to hold the government to that provision alone in connection with Count I.  That is because "an indictment does not have to plead a basis for venue" at all.  *United States v. Biao*, 51 F. Supp. 2d 1042, 1044 (S.D. Cal. 1999); *see also* Fed. R. Crim. P. 7(c).  And given that "[t]he

Federal Rules of Criminal Procedure do not require venue to be pleaded[,] [a]n

indictment only needs to contain a bare-bones allegation that criminal activity took

place in the venue." *United States v. Coppola*, No. CR 14-117, 2016 WL 3926254, at *3 (D.

Mont. July 18, 2016) (cleaned up).  It would be odd, then, for the court to conclude that

whenever a citation to a venue statute appears anywhere in an indictment, the general

rule—that an indictment need not plead venue at all, so long as it includes a bare-bones

allegation to support venue—gives way to a special rule requiring the government to

plead a specific basis for venue sufficient to satisfy the cited provision for *every* count.

The more natural conclusion is that the government is *not* automatically bound to a

particular venue provision on a count that is otherwise silent merely because another

count in the indictment happens to include a specific venue citation.  That conclusion

readily flows from the maxim that "venue is determined on a count-by-count basis."

*United States v. Nathanson*, 813 F. Supp. 1433, 1435 (E.D. Cal. 1993).

     To shore up his counterintuitive position, Sullivan offers a separate reason to

conclude that § 3238 should be applied to both counts:  he contends that "[b]ased on a

plain reading of the charging document, it appears that Section 3238 was the only

theory of venue presented to the grand jury as to both charges in this case."  Dkt. No.

40, at PageID.262.  But the face of the indictment does not support such a reading.  As

noted, courts "must consider venue for each count separately, even if the same conduct

is charged in multiple counts."  *Ghanem*, 993 F.3d at 1120.  The fact that the indictment

includes a reference to § 3238 in Count II does not support the inference that the

government must have presented an identical theory of venue to the grand jury on

Count I as well.  Even if the inference were supportable, it would fall well short of the

"particularized proof of irregularities in the grand jury process" needed to dispel the

presumption of regularity accorded to grand jury proceedings.  *United States v.*

*Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring).

The court finds no reason to conclude that § 3238's appearance in Count II makes

it the only venue theory upon which the government can rely for Count I.  As a result,

the court turns to the merits of the arguments surrounding the application of § 3237 to

Count I.

The government asserts that "the second paragraph of 18 U.S.C. § 3237(a) applies

to federal crimes committed on commercial aircraft within the special [aircraft]

jurisdiction of the United States."  Dkt. No. 39, at PageID.248 (quoting *Lozoya*, 982 F.3d

at 653).  The "special aircraft jurisdiction of the United States" is defined to include,

among other things, a civil aircraft of the United States once all external doors are

closed following boarding.  49 U.S.C. § 46501.  And when a federal crime occurs on a

commercial aircraft within that special jurisdiction, the Ninth Circuit's en banc decision

in *United States v. Lozoya* holds that "venue [is] proper in the district in which the

aircraft land[s]."  Dkt. No. 39, at PageID.248.  It is undisputed that Alaska Flight 892

departed Honolulu, cruised over the Pacific (during which time the alleged offenses

took place), turned back towards Hawai'i, and landed in Honolulu.  It is also undisputed that the alleged groping which forms the basis of Count I took place while Flight 892 was in flight.  Dkt. No. 34, at PageID.216 & n.2.  The charged conduct, if proven, would therefore be a federal crime committed on a commercial aircraft within the special aircraft jurisdiction of the United States.  *Lozoya* instructs that § 3237 applies to such crimes, and that venue is proper in the landing district—which in this case is the District of Hawai'i.

Sullivan protests that § 3237 "does not appear a single time in the indictment," Dkt. No. 40, at PageID.261, and asserts that it is clear from the face of the indictment that a theory based on § 3237 was not presented to the grand jury (as distinct from his earlier assertion that a theory based on § 3238 *was* presented to the grand jury), *id.* at PageID.267.  For the reasons stated above, the government did not need to specifically allege § 3237—or any venue provision, for that matter—in the indictment.  *See Biao*, 51 F. Supp. at 1044.  And the court cannot without more accept the assertion that a theory of venue under § 3237 was not presented to the grand jury when the grand jury in fact returned an indictment that satisfies the provisions of § 3237.

Sullivan also argues that even if the indictment had alleged § 3237, that provision "cannot apply as a matter of law."  Dkt. No. 34, at PageID.217.  Although he does not dispute the well-settled proposition that "venue for a criminal prosecution may be available in more than one district," *United States v. Abouammo*, 122 F.4th 1072, 1090 (9th

Cir. 2024), *cert. granted in part*, — S. Ct. — (2025) (No. 25-5146), he contends that "[t]he phrase 'except as otherwise expressly provided by enactment of Congress,' which appears twice in Section 3237, makes clear that the statute *does not apply* in cases where Congress has 'enacted' another applicable venue statute." Dkt. No. 34, at PageID.218. In Sullivan's view, "Congress 'otherwise expressly provided' venue for crimes alleged to have 'begun' upon the high seas in Section 3238," which "clearly states that it applies to '*all offenses* begun or committed upon the high seas.'" Dkt. No. 40, at PageID.261. Here, "the alleged groping occurred over the high seas, making Section 3238 the applicable venue statute." Dkt. No. 34, at PageID.220. And because of the "otherwise expressly provided" carveout in § 3237, § 3238 is "therefore the only statute that can apply." Dkt. No. 40, at PageID.261.

Sullivan reads that statutory language too broadly. When a statute does not define its terms, courts "give them their ordinary, contemporary, common meaning, and may consult dictionary definitions." *City of Los Angeles v. Barr*, 941 F.3d 931, 940 (9th Cir. 2019) (cleaned up). Under the dictionary definition, something is "express" when it is "clearly and unmistakably communicated" or "stated with directness and clarity." *Express*, Black's Law Dictionary (12th ed. 2024).[2] And § 3238 does not reflect a clear and unmistakable pronouncement by Congress that whenever the statute applies,

---

[2]    Dictionaries from around the time of § 3237's enactment in 1948 reflect a similar definition: "directly and distinctly stated; definite; clear; explicit." *Express*, Webster's New Collegiate Dictionary (2d ed. 1949).

no other venue provision may apply.  In fact, there is little to even suggest that § 3238 is intended to preempt other venue provisions beyond its general reference to "all offenses" that fall within its sweep and its language that venue for such offenses "shall be" in the district or districts where the statutory requirements are met.  These terms do not clear the high bar of unmistakable clarity that an "express" congressional provision requires.

The Reviser's Note included in the edition of the United States Code following § 3237's enactment offers insight into what Congress had in mind when it included the phrase "Except as otherwise expressly provided by enactment of Congress."  It explains that the last paragraph of § 3237(a) was added to "remove[] all doubt as to the venue of continuing offenses and [to] make[] unnecessary special venue provisions except in cases where Congress desires to restrict the prosecution of offenses to particular districts as in section 1073 of this revision."  Reviser's Note, 18 U.S.C. § 3237(a).  The language of § 1073, which criminalized flight to avoid prosecution or giving testimony, provided in relevant part:  "Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed or in which the person was held in custody or confinement."  18 U.S.C. § 1073 (1952).  Section 1073, with its clear and unmistakable dictate that venue may "*only*" lie in particular districts, contains an express provision that is incompatible with § 3237.  Section 3238 does not.

Nor does the bare use of "shall" represent an express statement by Congress that whenever § 3238 can apply, it must apply to the exclusion of any other potentially applicable venue statute.  *See* 18 U.S.C. § 3238 ("The trial of all offenses . . . *shall* be in the district . . . ." (emphasis added)).  If that were correct, it would render § 3238 unconstitutional in a variety of applications.  Section 3238 applies not only to purely extraterritorial crimes, but also to crimes "begun . . . upon the high seas, or elsewhere out of the jurisdiction of any particular State or district."  If § 3238 were truly exclusionary, trial for crimes begun outside the United States but continued into a given district would have to be held in the district where the defendant was arrested, first brought, or a resident.  Under that reading of the statute, for example, someone who kidnaps a person on a vessel in international waters and holds them against their will until after the ship makes port in San Diego—but who is not ultimately arrested until he returns home to Boston—could only be prosecuted in District of Massachusetts.  But that result would violate the Constitution's command that criminal trials be "held in the State where the said Crimes shall have been committed," unless the crime is "not committed within any State."  U.S. Const., art. III, § 2, cl. 3.

To avoid an unconstitutional result, other courts have applied a narrowing construction of § 3238 in certain circumstances.  *See United States v. Jin*, Crim. No. 23-091-2, 2025 WL 2409749, at *14-19 (D.D.C. Aug. 19, 2025) (construing § 3238 to apply only to offenses for which the "essential conduct elements" were completed outside the

United States).  Sullivan asks the court to similarly "interpret[] Section 3238 as being 'mandatory' for 'all offenses' where *all essential conduct elements* are alleged to have 'begun' and been committed outside of the United States."  Dkt. No. 49, at PageID.379.  But the court would only have to adopt that narrowing construction if it first construed § 3238 in a manner that would produce a number of foreseeable unconstitutional applications.  And when reading a statute in a given manner "would render [it] partly unconstitutional," that result counsels in favor of interpreting it in a different manner.  *Learning Resources, Inc. v. Trump*, Nos. 24-1287 & 25-250, slip op. at 15 (U.S. Feb. 20, 2026) (majority opinion).  The court therefore declines to interpret "shall" as mandatory in the manner Sullivan counsels.

Other courts have offered additional reasons to reject the "otherwise expressly provided" carveout in this context.  In *United States v. Hassanshahi*, 185 F. Supp. 3d 55 (D.D.C. 2016), the defendant had been charged with conspiracy in an indictment that alleged the offense had taken place "outside the jurisdiction of any particular state or district of the United States, but within the jurisdiction of the United States."  *Id.* at 56-57.  It was therefore undisputed that venue would properly lie pursuant to § 3238.  But the defendant had instead been brought to trial in a district where venue was only proper under § 3237, and not under § 3238.  He thus sought to dismiss the indictment for improper venue, arguing that "§ 3237(a)'s venue provision is merely permissive, and . . . even if venue could be supported under that section, it is trumped" by the

14

supposedly mandatory language of § 3238.  *Id.* at 58.  Because § 3237(a) applies only

"except as otherwise expressly provided by enactment of Congress," and because

§ 3238 states that "'trial of all offenses begun or committed upon the high seas, or

elsewhere out of the jurisdiction of any particular State or district, *shall be in the district*'

where the defendant is first arrested or last resided," the defendant reasoned that

"venue [was] only proper" in the Central District of California, where he resided and

was arrested.  *Id.*

The court rejected this argument, explaining that "every court that the Court is

aware of to have considered the issue has concluded that § 3238 is not a mandatory

exception to § 3237(a)."  *Id.*  Instead, as other courts have explained (and as the Reviser's

Note suggests), the "except as otherwise expressly provided by enactment of Congress"

language in § 3237(a) is intended to clarify "that for those criminal offenses that have

their own specific venue provisions"—for example, extraterritorial espionage offenses,

which may always be tried in the District of Columbia, *see* 18 U.S.C. § 3239—"the more

general criminal venue statutes do not replace them."  *United States v. Loadholt*, No. 24-

cr-670, 2025 WL 2962619, at *3 (S.D.N.Y. Oct. 21, 2025).  But that language does not

indicate, as Sullivan urges, "that venue may be charged under only one of 18 U.S.C.

§ 3237 or § 3238."  *Id.*  In other words, "the two venue statutes are not mutually

exclusive."  *Hassanshahi*, 185 F. Supp. 3d at 58 (cleaned up).  And "because § 3238 is not

15

an express exception to § 3237(a), venue in [one] district does not become improper

simply because venue might also be proper elsewhere under § 3238." *Id.* at 60.

Sullivan argues that both *Hassanshahi* and *Loadholt* are distinguishable inasmuch

as both "held that an essential conduct element of the charged crimes occurred in the

charging district, thereby making Section 3237 applicable." Dkt. No. 49, at PageID.380.

And he contends that those cases "suffer[] from the same error in reasoning" when they

conclude that both § 3237 *and* § 3238 can apply when "all the essential conduct elements

[for a charged offense] occur outside the United States, even if some circumstance

element or effect continues into the United States." *Id.* at PageID.381-82. In Sullivan's

view, that conclusion is not only wrong, but is also a violation of the constitutional

requirement that trials must take place in a locale where the crime occurred. *See id.*

(discussing *United States v. Fortenberry*, 89 F.4th 702, 709 (9th Cir. 2023)).

But the substance of Sullivan's argument was rejected by the en banc court in

*Lozoya.* When the panel opinion in that case was issued, it held that venue could not lie

in the landing district because the charged assault had undisputedly concluded well

before the plane touched down. As a result, the panel reasoned that "Section 3237(a)

does not provide a basis for extending venue into the [landing district] simply because

[the flight] continued into its airspace after the offense was complete. Once the assault

had concluded, any subsequent activity was incidental and therefore irrelevant for

venue purposes." *United States v. Lozoya,* 920 F.3d 1231, 1239 (9th Cir. 2019), *rev'd en*

16

*banc*, 982 F.3d 648 (9th Cir. 2020).  Putting a finer point on its analysis, the panel

explained that even if the assault's relationship to interstate commerce converted it into

a continuing offense, "the only essential *conduct* element . . . is the assault," and the fact

of its occurrence aboard an aircraft "would not be a *conduct* element of the offense, but

rather a circumstance element that does not support venue."  *Id.* at 1239-40 (cleaned up).

The en banc court reversed, explaining that "federal crimes committed on

commercial aircraft within the special aircraft jurisdiction of the United States" are

"continuing offenses under 18 U.S.C. § 3237," and therefore may be "inquired of and

prosecuted in any district from, through, or into which [the aircraft] moves."  *Lozoya*,

982 F.3d at 653 (cleaned up).  It was of no import that the assault in *Lozoya* could be seen

as having, as a matter of fact, concluded long before the plane landed; "[u]nder the

second paragraph of § 3237(a), venue was proper in the Central District of California,

through and into which the plane moved."  *Id.*

The same is true here.  "[V]enue for a continuing offense is proper if an essential

conduct element of the offense begins in, continues into, or is completed in the charging

district."  *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012) (cleaned up).  To

be sure, the essential conduct element of abusive sexual contact is the "knowing[]

engage[ment] in or caus[ation] [of] sexual contact."  18 U.S.C. § 2244(a).  But "a

continuing offense does not terminate merely because all of the elements are met."[3] *Lukashov*, 694 F.3d at 1121 (cleaned up).  Even if, as in *Lozoya*, the physical act constituting the abusive sexual contact began *and ended* while Alaska Flight 892 was "out of the jurisdiction of any particular State or district," 18 U.S.C § 3238, it continued as a matter of law until the plane landed in Hawaiʻi, "through and into which the plane moved."  *Lozoya,* 982 F.3d at 653.  That makes venue appropriate in the District of Hawaiʻi under § 3237.  If the Constitution required otherwise, the en banc court's decision in *Lozoya*—upholding venue in a district where no act satisfying an essential conduct element had occurred as a matter of fact—would work an unconstitutional result instead of a valid fashioning of "a venue rule that is tethered to the Constitution." 982 F.3d at 657; *see also* U.S. Const., art. III, § 2, cl. 3 (for crimes that are "not committed within any State," trial may be held "at such Place or Places as the Congress may by

---

[3]     The requirement that venue must be laid where an "essential conduct element" takes place ensures that trial is held where a proscribed *act* has occurred, as distinct from where some preparation may have occurred.  *See, e.g., United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989) ("Whether the crime be continuing or noncontinuing, venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense.").  Even when the offense itself is continuing, the *locus delicti* of a nonessential element—including one that continues elsewhere—cannot give rise to venue, because no criminal conduct has yet occurred.  *See United States v. Ramirez*, 420 F.3d 134, 140-41 (2d Cir. 2005).  But once an essential conduct element occurs, it continues for venue purposes until the entire offense terminates (which occurred here when the plane's boarding doors were opened back in Honolulu).  *Cf. Lozoya*, 982 F.3d 648; *see also Lukashov*, 694 F.3d at 1121-22.  It is not the case that venue is limited to the single location where an essential conduct element of begins or otherwise occurs as a matter of fact, as Sullivan suggests.  Were that true, *Lozoya* would have come out differently.

Law have directed").  And while Sullivan may ultimately be correct that § 3238 also applies to Count I, § 3237(a) and § 3238 are not mutually exclusive, as "every court . . . to have considered the issue has concluded."  *Hassanshahi,* 185 F. Supp. 3d at 58.

Sullivan also attempts to resist the application of *Lozoya* on the ground that it is distinguishable on its facts:  whereas *Lozoya* dealt with a situation where an airborne crime had been committed somewhere over the continental United States on a flight between Minneapolis and Los Angeles, the alleged crime in this case took place over the high seas.  *See* Dkt. No. 40, at PageID.269.  It is true that much of the discussion in *Lozoya* centered around whether venue should lie in the district *above* which the crime had occurred, but its holding was not so narrow.  *Lozoya* instructs that when an offense committed within the special aircraft jurisdiction of the United States begins outside of the landing district, it nonetheless continues into it, because such crimes are continuing offenses.  That rule holds whether or not the offense begins over the high seas or elsewhere out of the jurisdiction of any particular state or district.

"[U]nder 18 U.S.C. § 3237(a), venue for in-flight federal crimes is proper in the landing district."  *Lozoya*, 982 F.3d at 657.  For that reason, Sullivan has failed to show that § 3237 is inapplicable to Count I of the indictment.  And because Count I on its face suffices to show venue under § 3237, it cannot be dismissed.

//

//

19

**B.    Count II (Interference with Flight Crew Members and Attendants)**

Sullivan repeats many of the same arguments in support of his motion to dismiss

Count II.  But there is a key difference between Count I and Count II of the indictment:

whereas as Count I does not mention any venue provision, Count II expressly invokes

§ 3238.  *See* Dkt. No. 1, at PageID.3.  As noted, the parties agree that for venue to be

proper under § 3238, the government must establish that the defendant was arrested,

first brought, or maintains his last known residence in the district where trial is to be

held.  Dkt. No. 34, at PageID.215-17; Dkt. No. 39, at PageID.252-53.  Sullivan contends

that "[t]he indictment on its face does not contain a single factual allegation supporting

venue under Section 3238," insofar as the government "does not allege that Mr. Sullivan

was arrested, was first brought in custody, or maintained his last known residence in

the District of Hawai'i."  Dkt. No. 34, at PageID.215.  Based on this "failure to allege

facts supporting venue in this district" under § 3238, he urges the court to dismiss

Count II of the indictment.  Dkt. No. 40, at PageID.274.

The government's responses to this argument have shifted somewhat over time.

Initially, it argued that § 3238 validly applies to Count II because Sullivan was

"arrested" in the District of Hawai'i:  when the plane returned to Honolulu, Sullivan

was escorted off the plane and held in the terminal while law enforcement conducted

an investigation.  For his part, Sullivan vigorously disputes this characterization and

argues that his encounter with law enforcement in Hawai'i did not amount to an arrest

as a matter of law.  *See* Dkt. No. 40, at PageID.260-67.  At the hearing, the government

confirmed its position and acknowledged that § 3238 could be a valid basis for venue,

*see* Dkt. No. 48, at PageID.338-39, but argued in the alternative that venue is proper in

the District of Hawaiʻi under 18 U.S.C. § 3237(a) for the same reasons that support that

provision's application to Count I.  *See also* Dkt. No. 39, at PageID.254 (arguing that

venue lies under § 3237 in the alternative).

Towards the end of the hearing and in supplemental briefing afterwards, the

government pressed a new argument:  it argued that § 3238 "does not apply in this

case."  Dkt. No. 50, at PageID.389.  Observing that § 3238 "is triggered only in two

circumstances:  when an offense is 'begun or committed upon the high seas' or when it

is committed 'elsewhere out of the jurisdiction of any particular State or district,'" it

offered two justifications for its position.  *Id.*  First, it read § 3238 to require offenses to

literally occur *upon* the "high seas," which the government considered legally distinct

from the "high skies" *above* the high seas.  *Id.* at 389-90 & n.1.  Second, it asserted that

Sullivan "has not [established] and cannot establish that his crimes were committed

'elsewhere out of the jurisdiction of any particular State or district."  *Id.* at 390.

But Sullivan need not establish that his alleged crimes were fully or entirely

committed out of the jurisdiction of any state or district.  That is because § 3238 applies

not only if an offense is "committed entirely on the high seas or outside the United

States," but also, "*of course,* [if] the offense was begun there."  *Lozoya*, 982 F.3d at 655

21

(cleaned up and emphasis added). And as the government concedes, "the initial assault occurred in international airspace over . . . the high seas." Dkt. No. 50, at PageID.391. There is no dispute, then, that the alleged conduct at a minimum *began* out of the jurisdiction of any state or district. Whatever the merits of the government's high seas-high skies distinction, it is beyond question that § 3238 by its terms applies to offenses "begun or committed . . . out of the jurisdiction of any particular State or district," and therefore could apply here.

Nonetheless, in order to dismiss Count II, the court must reach two conclusions. First, it must conclude that Sullivan is correct that the government has failed to allege any facts that would support venue under § 3238. Second, it must conclude that because the indictment explicitly invokes § 3238, the government cannot rely upon any other valid venue provision, including § 3237(a).

Were the government still defending its indictment's reliance on § 3238 for Count II, it is not obvious the court could reach the first conclusion at this stage. On a pretrial motion to dismiss for improper venue, the court's "inquiry is limited to the adequacy of the pleading." *Biao*, 51 F. Supp. 2d at 1044. It is "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *Kelly*, 874 F.3d at 1047. And if the indictment "alleges facts which, if proven, would have sustained venue in the district of trial," then it has no apparent venue defect. *Ghanem*, 993 F.3d at

1120 (cleaned up). And so while it may well be highly unlikely that the government could ultimately prove, on the facts of this case, that Sullivan was under *de facto* arrest while he sat in the airport in Honolulu on February 8, it is not obvious that the court could properly make that factual determination in this pretrial posture. But the government has now disavowed any reliance on § 3238, and that may be sufficient reason alone to conclude that the government cannot satisfy § 3238.

But even if the court were to conclude that the government had failed to allege facts supporting the theory that Sullivan was arrested in Hawaiʻi (and therefore failed to sufficiently allege venue pursuant to § 3238), the question would remain whether the government could rely upon § 3237 as a fallback. The court sees no reason to find that the government cannot rely upon § 3237 for Count II as well as for Count I. As discussed above, an indictment need not plead a venue statute at all. So unless there is some meaningful distinction between the two counts, the reasoning that makes it appropriate to apply § 3237 to Count I is equally available for Count II.

There is a distinction, but not a meaningful one: whereas Count I is silent as to venue, Count II directly invokes § 3238. If Count II cannot support venue under § 3238, the question is whether it can be saved because it contains sufficient factual allegations on its face to substantiate venue under some other provision. Other courts that have faced this precise circumstance have concluded that the government can indeed rely on an alternative provision as a fallback if the cited basis for venue is lacking. *See Loadholt*,

2025 WL 2962619, at *1-3 (rejecting an argument "based on the faulty premise that venue can be established under only the specific statutory provision cited in the Indictment, [18 U.S.C. § 3238]" where the indictment also "sufficiently alleged venue under an alternative venue provision, 18 U.S.C. § 3237," even though § 3237 was not mentioned in the indictment).

That conclusion is the right one.  It is well-settled that, although Rule 7(c)(1) requires an indictment to include a citation to the relevant statute the defendant is alleged to have violated, "[i]t is the facts alleged, rather than the citation, that is controlling."  1 Wright & Miller's Federal Practice & Procedure § 125 (5th ed. 2025).  As a result, courts "look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute."  *Williams v. United States*, 168 U.S. 382, 389 (1897); *see also United States v. Berger*, 473 F.3d 1080, 1101 (9th Cir. 2007).  In other words, an erroneous citation is "immaterial" so long as the factual allegations "are embraced by some statute in force."  *Id.*  The upshot is that an error in an indictment's citation of the relevant criminal statute can be a harmless variance, causing the defendant no prejudice so long as the indictment contains sufficient factual matter to uphold the charge under some other statute.  *See United States v. Fekri*, 650 F.2d 1044, 1046 (9th Cir. 1981).  If that can be the case for an erroneous citation to an offense provision, which sets forth the elements

24

that must be proven beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 364 (1970), the same must be true when it comes to venue—a non-elemental fact that must be proven at trial by a mere preponderance of the evidence, *United States v. Douglas*, 996 F. Supp. 969, 972 (N.D. Cal. 1998).

Accordingly, the court concludes that even if Count II fails to sufficiently allege venue under § 3238, that count is not facially defective so long as it provides venue pursuant to § 3237.  And for the reasons discussed earlier, the court finds that the facts alleged in Count II are indeed sufficient on their face to establish that venue is proper under § 3237.

**<u>CONCLUSION</u>**

For the foregoing reasons, Sullivan's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED:  March 3, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Cr. No. 25-00048 MWJS; *United States of America v. John Lawrence Sullivan*; ORDER DENYING DEFENDANT'S MOTION TO DISMISS